IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEN JOHANSEN, on behalf of himself and others similarly situated, ) ) ) | Case No. 1:15-cv-912 |
| Plaintiff, ) ) ) | |
| v. ) ) | CLASS ACTION COMPLAINT JURY DEMANDED |
| GVN MICHIGAN, INC., dba GLOBAL VACATION NETWORK, ) ) ) ) | |
| Defendant. ) | |

**CLASS ACTION COMPLAINT FOR STATUTORY DAMAGES AND INJUNCTIVE RELIEF UNDER 47 U.S.C. § 227 *et seq.*, THE TELEPHONE CONSUMER PROTECTION ACT**

**Preliminary Statement**

"[C]onsumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA. Congress determined that federal legislation was needed because telemarketers, by operating interstate, were escaping state-law prohibitions on intrusive nuisance calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012). In an effort to enforce this fundamental federal right to privacy, Plaintiff files the instant class action complaint alleging violations of 47 U.S.C § 227 *et seq.*, the Telephone Consumer Protection Act ("TCPA").

Defendant GVN Michigan, Inc., dba Global Vacation Network, which operates a series of travel membership clubs, contacted the Plaintiff on his cellular telephone, using illegal automated equipment and pre-recorded technology, despite the fact that the Plaintiff was on the National Do Not Call Registry. In order to redress these injuries, Plaintiff, on behalf of himself and the proposed class of similarly situated individuals, brings this suit under the TCPA, which specifically prohibits unsolicited pre-recorded voice calls. On behalf of the class, Plaintiff seeks

an injunction requiring Defendant to cease all unlawful telemarketing activities and an award of statutory damages to the class members, together with costs and reasonable attorney's fees.

All allegations contained herein are based upon information and belief of Plaintiff or the investigative efforts of the undersigned counsel:

### Parties

1. Plaintiff Ken Johansen is a resident of the state of Ohio.

2. Defendant GVN Michigan, Inc. ("GVN") is a Delaware corporation that has a location in Illinois, including one at 8200 West 185th Street, Unit F, Tinley Park, IL 60477.

### Jurisdiction & Venue

3. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

4. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because: (a) at least one member of the putative class is a citizen of a state different from Defendant, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

5. This Court has personal jurisdiction in this matter because GVN does business throughout the United States, including operating an office within the state of Illinois. GVN therefore has established minimum contacts showing it has purposefully availed itself to the resources and protection of the state of Illinois.

6. Venue is proper in the United States District Court for the District of Illinois as GVN is subject to personal jurisdiction in this district, and Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced, and because Defendant's contacts with this district are sufficient to subject it to personal

jurisdiction. *See* 28 U.S.C. § 1391. In addition, Defendant has sent telemarketing calls to individuals residing in this district that are the subject of this action.

## The TCPA

7. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

8. Through the TCPA, Congress outlawed telemarketing via unsolicited automated or pre-recorded telephone calls ("robocalls"), finding:

> [R]esidential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy.
>
> . . . .
>
> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call[,] . . . is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* § 2(10) and (12); *see also Mims*, 132 S. Ct. at 745.

9. The TCPA prohibits persons from initiating any telephone call to a residential telephone line using a prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order of the FCC. 47 U.S.C. § 227(b)(1)(B); *see also* 47 C.F.R. § 64.1200(a)(2).

10. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until

the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

11. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

12. A person whose number is on the Registry, and who has received more than one telephone call within any twelve-month period by or on behalf of the same entity in violation of the TCPA, can sue the violator and seek statutory damages. 47 U.S.C. § 227(c)(5).

13. The regulations exempt from liability a caller who has obtained the subscriber's signed, written agreement to receive telephone solicitations from the caller. *See* 47 C.F.R. § 64.1200(c)(2)(ii). That agreement must also include the telephone number to which the calls may be placed. *Id.*

14. The TCPA's most stringent restrictions pertain to computer-generated telemarketing calls placed to cell phones.

15. The TCPA categorically bans persons and entities from initiating telephone calls using an automated telephone dialing system (or "autodialer") to any telephone number assigned to a cellular telephone service. *See* 47 C.F.R. § 64.1200(a)(1)(iii); *see also* 47 U.S.C. § 227(b)(1).

<b>Factual Allegations</b>

**THE PLAINTIFF PLACES HIS TELEPHONE NUMBER ON THE NATIONAL DO NOT CALL REGISTRY**

16. The Plaintiff placed his telephone number that the Defendant called, XXX-XXX-1022, on the National Do Not Call Registry on September 2, 2014 and has not removed it at any time since then.

## GVN'S REPEATED CALLS TO THE PLAINTIFF

17. On October 29, 2014, GVN placed a call to the Plaintiff's cellular telephone, XXX-XXX-1022, and left a pre-recorded message that offered him a vacation voucher and two round-trip airline tickets.

18. The pre-recorded message continued that in order to qualify, the claimants would need to be a married couple, between the ages of 25-70, with a combined household income of at least $50,000 a year.

19. The message finished by requesting that the Plaintiff press the "number 1 on your telephone keypad now."

20. The Plaintiff did not respond to this call, or "press 1."

21. On December 3, 2014, GVN placed another call to the Plaintiff's cellular telephone, XXX-XXX-1022, and left a pre-recorded message that offered him its services.

22. This time, to ascertain the identity of the caller, the Plaintiff "pressed 1" following the pre-recorded message.

23. Later that day, the Plaintiff received a live call from GVN and was sent a "vacation confirmation."

24. On January 24, 2015, GVN placed another call to the Plaintiff's cellular telephone, XXX-XXX-1022, claiming to be from GVN, offering the Plaintiff a free vacation from GVN. The Caller ID Number displayed on the call was (972) 591-8994.

25. After attempting to ascertain the identity of the caller, the Plaintiff was informed that he would receive a call back shortly.

26. Approximately five minutes later, the Plaintiff received another phone call from a local area code, in which the Defendant invited him to a 90-minute vacation presentation.

27. The impersonal advertising content of the pre-recorded messages received, as well as the fact that GVN sent pre-recorded messages with its calls, demonstrate that the Defendant used an automatic telephone dialing system to contact the Plaintiff.

28. Furthermore, because the pre-recorded message campaign utilized by the Defendant was designed to contact potential customers *en masse*, the automated telephone dialing system used by the Defendant had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

## Class Action Allegations

29. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

30. The Plaintiff seeks to represent three classes, which are tentatively defined, subject to modification after discovery and case development, as:

Class One

> All persons within the United States who received two or more telemarketing calls from or on behalf of GVN at any time in the four years prior to the filing of the Complaint continuing through the date any class is certified while the telephone number that the call was sent to was on the National Do Not Call Registry for at least 31 days.

Class Two

> All persons within the United States who received a telemarketing call from or on behalf of GVN initiated via pre-recorded message through the date any class is certified.

Class Three

> All persons within the United States who received a telemarketing call from or on behalf of GVN initiated using an automatic telephone dialing system to a cellular telephone through the date any class is certified.

31. Collectively, all these persons will be referred to as "Class members."

32. Class members are identifiable through phone records and phone number databases.

33. Given the nature of the automated technology used to transmit the telemarketing calls, the potential Class members number at least in the thousands. Individual joinder of these persons is impracticable.

34. Plaintiff is a member of the classes.

35. The Plaintiff and the classes have all been harmed by the actions of the Defendant.

36. There are questions of law and fact common to Plaintiff and to the proposed classes, including but not limited to the following:

   a. Whether the Defendant violated the TCPA by advertising via unsolicited telemarketing;
   b. Whether the Defendant can meet its burden of proof with respect to statutory defenses for the telemarketing calls;
   c. Whether the Defendant's conduct was knowing and/or willful;
   d. Whether the Plaintiff and the Class members are entitled to statutory damages as a result of Defendant's actions;
   e. Whether Defendant should be enjoined from engaging in such conduct in the future.

37. Plaintiff is an adequate representative of the classes because his interests do not conflict with Class member interests, he will fairly and adequately protect Class member interests, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

38. Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient

adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and its agents.

39. The likelihood that individual Class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

40. The interest of the Class members in individually pursuing claims against the Defendant is slight because the statutory damages for an individual action are relatively small, and are therefore not likely to deter the Defendant from engaging in the same behavior in the future.

41. Defendant has acted on grounds generally applicable to the classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the classes as a whole appropriate.

42. The Plaintiff has retained counsel experienced in handling class action claims involving violations of federal consumer protection statutes, including claims under the TCPA.

43. Plaintiff is unaware of litigation concerning this controversy already commenced by others who meet the proposed class definitions.

## CAUSES OF ACTION

### FIRST COUNT

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.*

44. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

45. Considering that the Defendant has been sued for TCPA violations prior to the initiation of the telemarketing calls to the Plaintiff, the foregoing acts and omissions of the

Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

46. As a result of the Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and each member of the classes is entitled to treble damages of up to $1,500 for each and every call in violation of the statute.

47. Plaintiff and all Class members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by the Defendant in the future.

## SECOND COUNT

### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 *ET SEQ.*

48. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

49. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq.*

50. As a result of the Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Class members are entitled to an award of $500 in statutory damages for each and every call in violation of the statute.

51. Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting the Defendant's violation of the TCPA in the future.

## Relief Sought

For himself and all Class members, Plaintiff requests the following relief:

1. That Defendant be restrained from engaging in future telemarketing in violation of the TCPA.

2. That Defendant, and its agents, or anyone acting on its behalf, be immediately restrained from altering, deleting, or destroying any documents or records that could be used to identify Class members.

3. That the Court certify the claims of the named Plaintiff and all other persons similarly situated as class action claims under Rule 23 of the Federal Rules of Civil Procedure.

4. That the Plaintiff and all Class members be awarded statutory damages of $500 for each negligent violation of the TCPA, and $1,500 for each knowing violation.

5. That the Plaintiff and all Class members be granted other relief as is just and equitable under the circumstances.

## JURY DEMAND

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

PLAINTIFF,
By his attorneys,

**/s/ Brian K. Murphy**
Brian K. Murphy (6225697)
Murray Murphy Moul + Basil LLP
1114 Dublin Road
Columbus, OH  43215
(614) 488-0400
(614) 488-0401 facsimile
murphy@mmmb.com

Lauren E. Snyder (6293832)
1350 N. Wells Street, Apt. A214
Chicago, IL  60610
(419) 344-1146
lauren.elizabeth.snyder@gmail.com

Matthew P. McCue
The Law Office of Matthew P. McCue
1 South Ave, Third Floor
Natick, MA 01760
(508) 655-1415
mmccue@massattorneys.net
*Subject to Pro Hac Vice Admission*

                                                Edward A. Broderick
Anthony Paronich
Broderick Law, P.C.
125 Summer St., Suite 1030
Boston, MA  02110
(617) 738-7080
ted@broderick-law.com
anthony@broderick-law.com
*Subject to Pro Hac Vice Admission*