IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEN JOHANSEN, on behalf of himself and others similarly situated, | )<br>)<br>) Case No. 1:15-cv-912 |
| Plaintiff, | )<br>) Honorable Richard A. Posner<br>) Judge Presiding |
| vs. | )<br>) |
| GVN MICHIGAN, INC. d/b/a/ GLOBAL VACATION NETWORK, | ) Honorable Sheila Finnegan<br>) Magistrate Judge Presiding<br>) |
| Defendant. | ) JURY DEMANDED<br>) |

**DEFENDANT'S REPLY IN SUPPORT
OF ITS MOTION TO STRIKE PLAINTIFF'S
CLASS ALLEGATIONS AND DISMISS PLAINTIFF'S COMPLAINT**

Defendant GVN MICHIGAN, INC. ("GVN"), by and through its attorneys Barnes & Thornburg LLP, Replies in support of its Motion to Strike and Dismiss as follows:

**I.      Johansen's Individual Claim Fails to State a TCPA Cause of Action**

If Johansen does not state an individual cause of action for a TCPA violation, he will lack standing to serve as a class representative and his class action allegations based upon his own cause of action will be moot. Johansen spent less than a full page of his Response explaining how his partial parroting of the TCPA statute constitutes a complete, fact-based individual cause of action under *Twombly* and *Iqbal*. His response is as inadequate as his complaint.

In his complaint, Johansen does not even specify which provisions of the TCPA GVN allegedly violated by contacting him. In his Count II,[1] for "negligent violation" of the TCPA, Johansen simply says that "the foregoing acts and omissions of the Defendant constitute

---

[1]     It bears noting that Johansen's Count I, for "willful violation" of the TCPA does not state a cause of action any different than Count II. Potential punitive damages for willful conduct are simply a possible remedy for TCPA claims—not a separate TCPA cause of action. Count I should be dismissed on that ground alone. See *South Port Marine, LLC v. Gulf Oil Limited Partnership,* 234 F.3d 58, 64 (1st Cir.2000); *Frank v. L.L. Bean, Inc.,* 3 52 F.Supp.2d 8, 13 (D.Me.2005).

numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. §227 et. seq." Complaint at ¶49. Johansen's abject failure to even simply identify in Count II which of the myriad provisions of the TCPA GVN allegedly violated is only the first of many levels of guess and speculation pervading his complaint. In Johansen's mind, he merely needs to allege GVN "placed" some phone calls, and then allege that the calls violated a very lengthy and complex statute. Johansen mistakenly believes that the mere suggestion that GVN violated some provision of the TCPA passes muster under *Twombly* and *Iqbal*.

*Johansen Does Not Allege Even the Basic Facts Necessary To State a TCPA Claim*

Assuming Johansen is alleging a violation of the Do-Not-Call registry database (47 USC §227(c)), Johansen fails even at the most basic pleading level to factually allege how he identified GVN as the party who made the initial October 29, 2014 call in violation of the Do-Not-Call registry. The identity (and date) of that first call is crucial to a Do-Not-Call registry cause of action. Johansen, however, simply recites a formulaic conclusory allegation that GVN "placed a call" to his cell phone on October 29, 2014. Complaint at ¶17. Despite the fact that he alleges that GVN left him a voice mail message, he does not repeat what the message allegedly said, and in particular that the caller identified himself or herself as GVN. Complaint at ¶¶ 17-19. Even though cell phones have "caller id" and itemized billing with a detailed call list is easily available to cellphone customers, Johansen does not even allege the caller's number.

Johansen's failure to *factually* allege how he identified GVN as the caller and the date of that *first* call is especially curious, given that he *does* allege in Paragraph 22 that he could identify GVN as the caller during the *second* December 3, 2014 call, *only* by "pressing 1." If, as Johansen himself alleges, he could not identify the caller to his cell phone other than by

2

"pressing 1," how can he factually allege that *GVN* called him on October 29, 2014? That is especially crucial here, because liability under the Do-Not Call provisions arises only *after the second call*, and as Johansen himself admits, in response to that *second* call on December 3, he "pressed 1" expressing his interest in GVN's alleged offer. That would mean that the "live" calls Johansen alleges receiving following the December 3 call (Complaint at ¶¶23-26) would have been made with his consent.

Johansen's fact-free Do-Not-Call allegations are particularly salient, given the very tight timeline between September 2, 2014 – the date Johansen alleges he first registered his phone number on the Do-Not-Call registry, and October 29, 2014 – the date Johansen alleges GVN first left him a pre-recorded message. Complaint at ¶¶16, 17. The Do-Not-Call regulations require callers to update their databases from the DNC registry at least every 31 days. 47 CFR §64.1200(c)(2)(i)(D). That means that if GVN called Johansen on October 29, GVN could have lawfully updated its database as early as September 28 – less than three weeks after Johansen claims to have registered his number, and perhaps before the administrative process actually placed the number on the registry.

Assuming Johansen means Count II to state a cause of action for violation of 47 USC §227(b)(1)(A), or §227(b)(1(B), Johansen's claims fail factually there too. First, §227(b)(1)(A) applies to persons who "make" a call, versus §227(b)(1(B), which applies to persons who "initiate" calls, and the FCC and the courts have recognized this as a crucial distinction. See *United States v. Dish Network, L.L.C.,* No. 09–3073, 2011 WL 475067, at *4 (C.D. Ill. Feb. 4, 2011); *In re Matter of the Joint Petition Filed by Dish Network, LLC,* CG Docket No. 11–50, FCC 13–54, 2013 WL 1934349 (May 9, 2013). In either event, Johansen never alleges that

3

GVN either "made" or "initiated" a call under either section of the statute, and that is yet another factual deficiency in Johansen's attempt to state a cause of action under the TCPA.

### *Johansen Does Not Allege The Legal Elements Necessary to State a TCPA Claim*

Whether he means to state a cause of action under §227(b)(1)(A), §227(b)(1(B) or §227(c), all three causes of action suffer a common and crucial legal deficiency. Johansen himself admits that the statute and its related regulations apply only to residential phone lines, and do not apply to phone subscribers who have given their permission to be called. Complaint at ¶¶9-13. Johansen, however, fails to allege – even in a fact-free conclusory fashion -- that the number he registered is residential, not a business line, and that he had not somehow consented to GVN's alleged initial or second call – before he "pressed 1."

As Defendant pointed out in its Memorandum, p. 16, there are some district courts which hold that plaintiffs need not plead the legal element of lack of prior consent, but those district court opinions are mistakenly based upon an erroneous interpretation of an FCC statement relating to debtor-creditor calls. Memorandum in Support at p. 18. In his Response, at p. 8, Johansen claims that there is no reason to distinguish between the debtor-creditor rules and the unsolicited caller rules. Johansen is flat wrong.

Johansen argues that the FCC's 2008 Order, *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C.R. 559 (2008) ("2008 Order"), and those decisions relying on the Order, excuses him from the requirement to plead each and every legal element of his TCPA claims, which include that "the caller did not have prior express consent of the recipient." *See Hanley v. Green Tree Servicing, LLC*, 934 F. Supp. 2d 977, 982 (N.D. Ill. 2013) (citing 47 U.S.C. § 227(b)(1)(A)(iii)); *see also* 47 U.S.C. § 227(b)(1)(B). This position not only ignores the plain language of the TCPA and the FCC's

4

Order, it vitiates Rule 8's requirement that a plaintiff's complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8. Johansen is *only* entitled to relief if the alleged calls that GVN made were made in the absence of Johansen's prior express consent. Complaint ¶¶9-13; 47 U.S.C. §§ 227(b)(1)(A), 227(b)(1)(B), §227(c).

In its 2008 Order, the FCC found that creditors and debt collectors are *exempted* from the TCPA's prohibition of the use of an automatic telephone dialing system or pre-recorded messaging to call a cellular telephone because, in the FCC's view, express consent occurred when the debtor provided his cellular phone number to the creditor. 23 F.C.C.R. at 564-65. In essence, the FCC created a presumption that creditors and debt collectors are not subject to TCPA claims, even when they autodial pre-recorded messages to cellular telephones, when they are attempting to collect debts. It is only fair that, in order to take advantage of the presumption that it is immune to a TCPA claim, a creditor or debt collector should bear the burden of proving that it *did* have the debtor's express consent, once the debtor puts his alleged lack of consent at issue. Nothing in the FCC ruling relieves the debtor of his burden of raising the lack of consent issue. In fact, the FCC explicitly clarified that the burden only shifts to the creditor or debt collector "[s]hould a question arise as to whether express consent was provided." *Id.* at 565. And that question can only be raised in the debtor's pleading. The few courts that have held that a defendant bears the burden, at the outset, of pleading express consent as an affirmative defense in a TCPA case, have erroneously overlooked or ignored the FCC ruling's plain language.

Here, GVN is not attempting to use the FCC's exemption for creditors and debt collectors. It is simply demanding that Johansen meet Rule 8's minimal requirement that he plead each and every legal element of his TCPA claims under §§ 227(b)(1)(A), 227(b)(1)(B),

5

including that Johansen did not expressly consent to receive the alleged calls. *See Hanley*, 934 F. Supp. 2d at 982. Unless and until Johansen alleges a lack of express consent, he has not met ***his burden to plead*** that he has enforceable rights under the TCPA.

In sum, Johansen did not even allege a "formulaic recitation of the elements" of his individual TCPA cause of action, let alone a fact-based set of all of the required elements. Accordingly, the Court should dismiss Johansen's individual claims, which of course, would require dismissal of the class claims as well.

**II.     Johansen's Class Action Allegations Should Be Stricken and Dismissed Under Rule 12(f) and Rule 23**

"Most courts recognize that a motion to strike class allegations may properly be filed before plaintiffs have filed a motion for class certification." 1 McLaughlin on Class Actions §3.4 (10th ed. 2013) (cataloging cases from multiple federal appellate and district courts). Where intractable problems barring class treatment appear from the face of the pleadings, neither courts nor litigants should be burdened with wasteful discovery and class certification expense. Accordingly, federal courts routinely use motions to strike to test the viability of a class at the earliest pleading stage of litigation, including class TCPA class actions. See Memorandum at pp. 3-4, and cases cited therein.

*<u>Johansen's Proposed Classes are Not Ascertainable and Johansen Cannot Meet Rule 23 Commonality/Predominance</u>*

Johansen acknowledges that all three of his class definitions include a great number of members who could not have been harmed by GVN's alleged conduct, since there may be many class members who somehow gave their consent, which would mean they were not victims of unsolicited calls and therefore not entitled to be in the class, or who may have been contacted on non-residential phone lines. Johansen's evasive response is either "it is self-evident" who is in

the class (Response at 6), or that he will amend their class action complaint, (Response at 7), or that "to the extent GVN can demonstrate they had prior express consent . . . those class members can easily be removed from the class." Response at 9. All three arguments not only miss the point, but are tacit admissions that his class definitions are overly broad. Johansen mistakenly relies on *Chapman v. Wagener Equities, Inc.*, 747 F.3d 489 (7th Cir. 2014) as a ruling approving overly broad classes. (Response at 6). However, the *Chapman* court ruled only that it would not hear the defendant's appeal of the district court's class certification, based on the defendant's contention that plaintiff needed to demonstrate he *owned* the fax machine which received the unsolicited fax. *Chapman*, 747 F.3d at 491-492. *Chapman* stands for nothing more.

In reality, Johansen omitted the "unsolicited" element of the TCPA statute from his three classes' definitions precisely because he knows that if he did so, he would be unable to meet Rule 23's commonality and predominance requirements, not to mention ascertainability. The "unsolicited" element is not "self-evident." Also, Johansen's stated intent to *impose on GVN* the burden of demonstrating that individual class members gave consent only further emphasizes not only the need for individual fact finding, but also Johansen's intent to saddle GVN with the potentially huge cost of weeding out improper class members. Additionally, as Johansen himself points out, in October, 2013, the FCC changed its defining criteria for "consent." Response at 11. That change will only further complicate the individual class member inquiry because the period under scrutiny will include consent given under both the old and the new FCC "consent" criteria. And, if as Johansen contends, (Response at 12) those new FCC criteria must be interpreted through the multi-faceted E-Sign Act filter, the E-Sign Act adds a whole new layer of additional complexity to the individual consent determination.

Johansen incorrectly contends that the FCC's October, 2013 change of its criteria for "consent" renders all Rule 23 TCPA certification motions decided before October, 2013 "inapplicable." (Response at p. 13). That is illogical and flat out wrong. The FCC merely changed the criteria for establishing consent – it did not eliminate consent as one of the key TCPA elements. Johansen also incorrectly contends that *Gene and Gene* decision in particular is now inapplicable or otherwise discredited because of the revised consent criteria. (Response at 13). To the contrary, courts—including Seventh Circuit courts -- used *Gene and Gene* as recently as six months ago to support their refusal to certify a TCPA class as "unascertainable," and because "consent" from each individual class member prohibited predominance. See *Balschmitter v. TD Auto Finance LLC*, 303 F.R.D. 508, 522 (E.D. Wis. 2014); *see also Shamblin v. Obama for America*, Case No. 8:13-cv-2428, 2015 WL 1909765, *11 (N.D. Fl., April 27, 2015) (citing *Gene v. Gene* in denying certification, and writing "'the predominant issue of fact is undoubtedly one of individual consent,' and if "there is no class-wide proof available to decide consent,' then 'only mini-trials can determine this issue.'").

Johansen's use of *CE Design Ltd. v. King Architectural Metals* to demonstrate that the Seventh Circuit will certify classes despite *Gene v. Gene* is especially off the mark. (Response at 13). In fact, the Seventh Circuit there *vacated* and remanded the trial court's certification of a TCPA class. *CE Design Ltd. v. King Architectural Metals,* 637 F.2d 721, 727 (7th Cir. 2011). In fact, if *CE Design* applies here at all, it is as a demonstration that Johansen does not meet the Rule 23 typicality requirement either. Johansen alleges that on receipt of the second call from GVN, he "pressed 1," indicating his consent to GVN's alleged sales pitch. As the *CE Design* court wrote: "The presence of even an arguable defense peculiar to the named plaintiff or a small subset of the plaintiff class may destroy the required typicality of the class as well as bring into

question the adequacy of the named Plaintiff's representation." *CE Design Ltd.* at 726. Even though Johansen has proposed three overly broad classes, he did not even propose any class that did as he did – "pressing 1" to express his interest in the defendant's product or service.

*Class Action Treatment is Not Superior to Individual Claims*

Johansen overplays *Ira Holtzman, CPA v. Turza*, 728 F.3d 682 (7th Cir. 2013) as the Seventh Circuit's declaration that every TCPA class action lawsuit should be certified. (Response at 14). Of course, the Seventh Circuit has never made any such declaration – either saying that all TCPA class actions should be or should not be certified. The TPCA section at issue in *Holtzman* was the provision that requires specified language on advertising faxes. *Holtzman* at p.683. There was no question there that the faxes were advertisements and that the faxes did not contain the required language. Accordingly, plaintiffs had a different argument that class action treatment was appropriate under Rule 23, as there were no colorable issues of commonality, predominance or typicality – and no consent issue at all. Unlike *Holtzman*, here the putative class members' ability to recover hinges on the factually intense investigation into whether the member somehow gave consent, not to mention the other issue of whether the phone line was "residential" or business.

In reality, Johansen's complaint and Response epitomize misuse of the TCPA and Rule 23. Johansen essentially argues that based merely upon his fact-free allegations that he received two calls from GVN and then responded affirmatively to the second call by "pressing 1," he states a multimillion dollar TCPA class action on behalf of numerous overly broad classes of individuals, businesses, consenting and non-consenting subscribers, who received any call from someone purporting to call on GVN's behalf, under any conditions, and at any time. Those classes are overly broad, and all of the classes – even if properly limited to non-consenting

9

subscribers – will not meet Rule 23 ascertainability, predominance or commonality requirements. The court should therefore strike and dismiss those class allegations now, before the parties and the court expend any additional time considering a tenuous class action that ultimately cannot be certified.

Dated:  June 1, 2015 		Respectfully submitted,

By:  /s/ Mark P. Miller

Mark P. Miller (6191128)
BARNES & THORNBURG LLP
One North Wacker Drive
Suite 4400
Chicago, Illinois 60606
Tel:  (312) 357-1313
Fax:   (312) 759-5646
mmiller@btlaw.com
*Attorney for GVN Michigan, Inc.*

**CERTIFICATE OF SERVICE**

I, Mark P. Miller, an attorney, certify that a copy of the foregoing **Defendant's Memorandum in Support of Its Motion to Strike Plaintiff's Class Allegations and to Dismiss Plaintiff's Complaint** was filed electronically and was served upon the following by CM/ECF on this 1st day of June, 2015:

>Brian K. Murphy – murphy@mmmb.com
>Lauren E. Snyder – lauren.elizabeth.snyder@gmail.com
>Matthew P. McCue – mmccue@massattorneys.net
>Edward A. Broderick – ted@broderick-law.com
>Anthony Paronich – Anthony@broderick-law.com
>*Counsel for Plaintiff*

/s/Mark P. Miller