# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

KEN JOHANSEN, on behalf of
himself and all others similarly
situated,

*Plaintiff*,

v.

GVN MICHIGAN, INC.,
d/b/a GLOBAL VACATION
NETWORK,

*Defendant*.

No. 1:15-cv-00912—*Judge Richard A. Posner*

    The defendant in this class action suit under the Telephone Consumer Protection Act has moved to dismiss the suit both as an individual suit and as a class action suit. The motion and supporting memorandum are intemperate and borderline frivolous, and I warn the defendant that if it persists in this vein of hyperbole and indignation it and its counsel will be courting sanctions, which I will not hesitate to impose.

    The defendant argues that the class is overbroad. This is both erroneous for the reasons explained by the plaintiff and premature. An overbroad class can be shrunk to eliminate the overbreadth; overbreadth is thus not a per se ground for dismissal. The defendant's further argument that the TCPA can't be enforced by a class action is frivolous.

The defendant also argues as a ground for dismissal that the plaintiff has not pleaded that he had not consented to the telemarketing calls that he claims violated the TCPA. He pleaded a violation of the statute; he didn't need to plead the affirmative defense of consent—the burden is on the defendant to plead affirmative defenses. Furthermore, far from consenting to the calls, the plaintiff had listed his number on the "National Do Not Call Registry."

The defendant argues that the complaint should be dismissed because the plaintiff failed to allege that the Robocalls were made to his *residential* (as opposed to business) cell phone line. But the TCPA, which prohibits calls using an automated dialing system "to any telephone number assigned … to a cellular telephone service" does not distinguish between the two. 47 U.S.C. § 227(b)(1)(A)(3). A separate provision prohibits automated calls "to any residential telephone line." § 227(b)(1)(B).

At the hearing on the defendant's motion, the defendant's lawyer insisted that the plaintiff could not prove that the first two Robocalls to his cellphone came from the defendant, GVN. According to the complaint, the plaintiff had first received a call that left a pre-recorded message offering him a vacation voucher and two round-trip airline tickets. The call finished by asking him to press 1. He didn't respond, but when he received a similar call he did press 1 so as to find out who was calling, and later in the day received a live call from GVN with additional details about the vacation offer. According to the defendant's lawyer, the plaintiff could not conclude based on the follow-up call that the two pre-recorded calls had also been made on behalf of GVN. But that surely is the logical—if not the only plausible—inference from the alleged chain of events. Certainly it is sufficient to survive a motion to dismiss.

The defendant's lawyer also placed particular emphasis on the fact that after receiving a second Robocall from the defendant, the plaintiff had pressed 1 on his phone; the defendant argues that by pressing 1 the plaintiff consented to receive future Robocalls from the defendant. The plaintiff, however, alleges that he pressed 1 only to find out who was calling (and there is no evidence to the contrary). If he didn't know who

was calling, he wouldn't know whom to sue. His seeking the caller's identity was not tantamount to consenting to receive telephone solicitations.

The motion to dismiss is denied.

Richard A. Posner, Judge.
June 18, 2015